IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KEVIN FREEMAN, SR., as parent and legal )
guardian of his son, K.F., a minor, )
 )
    Plaintiff, ) No.
 )
    v. ) Judge
 )
MILWAUKEE COUNTY, and Former Milwaukee )
County Juvenile Correctional Officer GEORGE MACK, )
 )
    Defendants. ) Jury Demand

## COMPLAINT

Plaintiff, K.F., a minor, by and through his parent and legal guardian, KEVIN FREEMAN, SR., by his attorneys, People's Law Office and The Shellow Group, for his complaint against Defendants MILWAUKEE COUNTY, and Former Milwaukee County Juvenile Correctional Officer GEORGE MACK, states:

### Jurisdiction and Venue

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.    This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper under 28 U.S.C. § 1391(b). Defendant Milwaukee County is a municipal corporation located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

### Parties

4.    Plaintiff Kevin Freeman Sr. is the father of the minor African American Plaintiff, K.F., and is his legal guardian. Plaintiff Kevin Freeman Sr. resides in Milwaukee, Wisconsin

1

and sues as the legal guardian of the minor, K.F.

5. Defendant Milwaukee County is a Wisconsin municipal corporation and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

6. Defendant George Mack was at all times relevant to this action employed as a juvenile correctional officer by Milwaukee County in the Milwaukee County Sheriff's Office. He is being sued in his individual capacity.

7. Defendant Mack engaged in the conduct complained of under color of state law and in the course and scope of his employment with Milwaukee County and the Milwaukee County Sheriff's Office.

## Facts

8. In June of 2011, Plaintiff K.F. was fifteen years old, stood 5'11" tall, and weighed approximately 150 pounds.

9. On June 8, 2011, Plaintiff K.F. was being held at the Milwaukee County Children's Detention Center.

10. Plaintiff K.F. was sitting at a table in the housing unit eating his lunch.

11. Defendant Mack, a juvenile correctional officer assigned to the Milwaukee County Children Detention's Center, was in the housing unit with Plaintiff K.F.

12. Defendant Mack's duties and responsibilities as a juvenile correctional officer were to safe keep minors in his care, custody and control, including Plaintiff K.F.

13. Plaintiff K.F. saw a hair on his spoon and complained to Defendant Mack about the hair.

14. Defendant Mack responded by saying "that's just more protein" or words to that

effect.

15. A few minutes later, Defendant Mack approached Plaintiff K.F.'s table and lunged across the table trying to grab the spoon out of Plaintiff K.F.'s hand.

16. Defendant Mack, who outweighed Plaintiff K.F. by at least 100 pounds, then walked around the table, grabbed Plaintiff K.F. by the neck, and viciously slammed him on the ground, injuring Plaintiff K.F.'s elbow, wrist and hand.

17. As a direct and proximate result of Defendant Mack's actions, as detailed above, Plaintiff K.F. suffered, *inter alia*, bodily injury, pain and suffering, extreme mental distress, anguish and humiliation.

18. On July 6, 2011, the Milwaukee County District Attorney's Office charged Defendant Mack with one count of felony child abuse in relation to his attack on Plaintiff K.F.

19. On September 19, 2011, Defendant Mack pled no contest to the criminal charge and stipulated to the criminal complaint as a factual basis for the plea.

## Count I – 42 U.S.C. § 1983

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

21. The actions of Defendant Mack in physically abusing Plaintiff K.F. violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures, his Fourteenth Amendment right to due process, and his Eighth Amendment right to be free from cruel and unusual punishment, and caused the injuries set forth above.

## Count II – Indemnification

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

23. Wisconsin law, Wis. Stat. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their

employment.

24. At all times relevant to this action, Defendant Mack committed the acts alleged above in the scope of his employment with Milwaukee County.

WHEREFORE, Plaintiff Kevin Freeman, Sr., as parent and legal guardian of his son, K.F., a minor, asks that this Court enter judgment in his favor and against Defendants Milwaukee County and former Milwaukee County Juvenile Correctional Officer George Mack, awarding compensatory and punitive damages, attorneys' fees, and costs against them, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, KEVIN FREEMAN SR., hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: September 10, 2013

Respectfully submitted,

/s/ Ben H. Elson
Ben H. Elson, IL Bar #6286106
John L. Stainthorp, IL Bar #3128243
Jan Susler, IL Bar #277840
Sarah Gelsomino, IL Bar #6298391
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
ben.elson79@gmail.com

Robin Shellow, #1006052
The Shellow Group
324 West Vine Street
Milwaukee, WI 53212
(414) 263-4488
tsg@theshellowgroup.com

Attorneys for Plaintiff